UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAMELLA JEAN LACH,

                           Plaintiff,

   v.                                                               **DECISION AND ORDER**
                                                                               06-CV-743S

MICHAEL ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                           Defendant.
_____

      1.      Plaintiff Pamella Jean Lach challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since April 15, 2002, due to back, shoulder, and neck pain, and obesity. Plaintiff contends that her impairments render her unable to work. She therefore asserts that she is entitled to disability benefits under the Act.

      2.      Plaintiff filed an application for disability insurance benefits on November 20, 2003. Her application was denied initially, and Plaintiff requested a hearing before an ALJ, which was held on March 30, 2005. The ALJ considered Plaintiff's case *de novo*, and on June 7, 2005, issued a decision denying Plaintiff's application for benefits.

Plaintiff exhausted her administrative remedies[1] and filed the instant action on November 9, 2006, challenging the ALJ's decision. The parties subsequently filed Motions for Judgment on the Pleadings on May 16, 2007, and June 7, 2007. After full briefing, this Court deemed oral argument unnecessary and took the motions under advisement on July 5, 2007. For the following reasons, Defendant's motion is granted and Plaintiff's motion is denied.

---

[1] The ALJ's decision became the Commissioner's final decision in this matter after the Appeals Council denied Plaintiff's request for review on September 27, 2006.

3.     A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).  Substantial evidence is that which amounts to "more than a mere scintilla," and it has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.  See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

4.     "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."  Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo*

review."  Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

     5.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920.  The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

     6.     This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity.  Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work.  Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

     7.     While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step.  See Bowen, 482 U.S.

at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education, and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

       8.      In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since April 15, 2002 (R. at 21); (2) Plaintiff's impairments are considered "severe" impairments within the meaning of the Act (R. at 21); (3) Plaintiff's impairments do not meet or equal an impairment listed in Appendix 1, Subpart P, Regulations No. 4 (R. at 21); (4) Plaintiff retained the residual functional capacity to perform work activity with certain restrictions[2] (R. at 21); and (5) Plaintiff was able to perform her past relevant work as an administrative assistant and is therefore not disabled. (R. at 21).

       9.      Plaintiff asserts a number of challenges to the ALJ's decision. First, Plaintiff contends that the ALJ erred in not attributing controlling weight to the opinion of her treating physician. (Plaintiff's Mem., pp. 15-18). According to the "treating physician rule,"[3]

---

[2] In particular, the ALJ found that "claimant is able to perform a range of light exertional activities in that claimant was able to: lift/carry up to 20 pounds occasionally and 10 pounds frequently; stand/walk up to 6 hours in an 8 hour work day; and sit up to 6 hours in an 8 hour work day. Claimant is unlimited in her ability to push/pull in all extremities. Claimant is able to occasionally bend, climb stairs, kneel, stoop, crouch and crawl. Additionally, claimant has no limitations in environmental activities." (R. at 21).

[3] "The 'treating physician's rule' is a series of regulations set forth by the Commissioner in 20 C.F.R. § 404.1527 detailing the weight to be accorded a treating physician's opinion." de Roman v. Barnhart, No. 03-Civ.0075(RCC)(AJP), 2003 WL 21511160, at *9 (S.D.N.Y. July 2, 2003).

the ALJ must give controlling weight to the treating physician's opinion when the opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record." 20 C.F.R. § 404.1527(d)(2); see also Green-Younger v. Barnhart, No. 02-6133, 2003 WL 21545097, at *6 (2d Cir. July 10, 2003); Shaw v. Chater, 221 F.3d 126, 134 (2d Cir. 2000).

Even if a treating physician's opinion is deemed not to be deserving of controlling weight, an ALJ may nonetheless give it "extra weight" under certain circumstances. Under 20 C.F.R. § 404.1527(d)(1)-(6), the ALJ should consider the following factors when determining the proper weight to afford the treating physician's opinion if it is not entitled to controlling weight: (1) length of the treatment relationship and the frequency of examination, (2) nature and extent of the treatment relationship, (3) supportability of opinion, (3) consistency, (4) specialization of treating physician, and (5) other factors that are brought to the attention of the court. See de Roman, 2003 WL 21511160, at *9 (citing 20 C.F.R. § 404.1527(d)(2)); see also Shaw, 221 F.3d at 134; Clark v. Comm'r of Soc. Sec., 143 F.3d 115, 118 (2d Cir. 1998).

Here the ALJ discredited the opinion of Plaintiff's treating neurosurgeon, Dr. Suddaby, who stated that Plaintiff was totally disabled for her work due to neck and arm pain. (R. at 20, 129). Having reviewed Dr. Suddaby's opinion in light of the other medical evidence in the record, this Court finds that the ALJ did not err in declining to give Dr. Suddaby's opinion controlling or extra weight. As the ALJ noted, Dr. Suddaby's opinion was contradicted by the opinions of Dr. Steven Dina, and the Disability Determination Services physician, both of whom found that Plaintiff had mild limitations in movement, and was able to perform daily activities. (R. at 17). As Dr. Dina stated "[Plaintiff] reported a full

range of daily activities, including light cleaning, cooking, shopping, and independence in personal hygiene." (R. at 17).  Because Dr. Suddaby's opinion was contradicted by the other medical evidence in the record, this Court finds that the ALJ did not err in declining to give Dr. Suddaby's opinion controlling or extra weight.

Plaintiff further contends that the ALJ and the Appeals Council failed to consider the opinion of Dr. Steven Herman, who found that Plaintiff was disabled.  Dr. Herman's findings that Plaintiff was disabled date from examinations that took place on August 15, 2005, and April 10, 2006.  (R. at 277, 279).  These examinations post-date the relevant time period, and this evidence was submitted as an exhibit to the Appeals Council, and not to the ALJ.  Because these records fall outside the relevant time period, this Court finds that the Appeals Council's treatment of this evidence was not improper.

10.   Plaintiff further contends that the ALJ erred in discrediting Plaintiff's own testimony.  (Plaintiff's Mem., p. 13).  Credibility determinations are generally reserved to the Commissioner, not the reviewing court.  Aponte v. Sec'y of Health and Human Svcs., 728 F.2d 588, 591 (2d Cir. 1984) (holding that it is the job of the Commissioner and not the reviewing court to make determinations on the credibility of witnesses); Carrol v. Sec'y of Health and Human Svcs., 705 F.2d 638, 642 (2d Cir. 1982) (similar).  The ALJ is required to set forth the essential considerations upon which his or her decision is based, with sufficient particularity to enable the reviewing court to decide whether the disability determination was supported by substantial evidence.  See Mongeur v. Heckler, 722 F.2d 1033, 1040 (2d Cir. 1983) ("When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he . . . mention[ ] every item of testimony presented to him or . . . explain[ ] why he considered particular evidence

unpersuasive or insufficient to lead him to a conclusion of disability."); see also Miles v. Harris, 645 F.2d 122, 124 (2d Cir. 1981) (holding that the court was unwilling to require the ALJ to explicitly reconcile every conflicting shred of evidence provided that he carefully considered the evidence in reaching his decision).

Here, the ALJ considered Plaintiff's subjective complaints, but ultimately concluded that Plaintiff was not credible. The ALJ explained that Plaintiff's complaints were "somewhat exaggerated" because they were contradicted by evidence of her daily activities, which included driving, shopping, cooking, cleaning, doing laundry, paying bills, and taking walks. (R. at 19). Contrary to Plaintiff's complaints, the ALJ found that the medical evidence indicated that Plaintiff suffered from mild to moderate symptoms that were generally controllable. (R. at 19-20). Because her complaints were inconsistent with the medical evidence and with testimony concerning her daily activities, this Court finds that the ALJ did not err in discrediting Plaintiff's testimony.

11. Plaintiff lastly contends that the ALJ's conclusion that she could return to work is not supported by substantial evidence. (Plaintiff's Mem., p. 19). Having reviewed the ALJ's decision, and the pertinent evidence in the record, this Court finds that the ALJ did not err in finding that Plaintiff could return to work. The ALJ found that Plaintiff had performed past relevant work as an administrative assistant, a semi-skilled job performed at the light exertional level. (R. at 20). The ALJ then concluded that based on Plaintiff's residual functional capacity, she could return to her past work. (R. at 20). The ALJ's analysis, while brief, was sufficient to comply with Social Security Ruling 82-62, which requires that the ALJ examine whether a claimant has the residual functional capacity to return to his or her past work. Because the ALJ adequately addressed the question of

7

whether Plaintiff had the residual functional capacity to return to work as an administrative assistant, this Court finds that the ALJ did not err in finding that Plaintiff could return to her past work.

12.     After carefully examining the administrative record, this Court finds that substantial evidence supports the ALJ's decision in this case, including the objective medical evidence and medical opinions contained therein.  This Court is satisfied that the ALJ thoroughly examined the record and afforded appropriate weight to all of the medical evidence in rendering his decision that Plaintiff is not disabled within the meaning of the Act.  Finding no reversible error, this Court will grant Defendant's Motion for Judgment on the Pleadings, and deny Plaintiff's Motion for Judgment on the Pleadings.

13.     For the foregoing reasons,

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 6) is GRANTED.

FURTHER, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 8) is DENIED.

FURTHER, that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   March 18, 2008
         Buffalo, New York

                                             /s/William M. Skretny
                                             WILLIAM M. SKRETNY
                                             United States District Judge